IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT M. CHRISTIASON, | * |
| Plaintiff, | * |
| v. | *   Civil No. 3:05-CV-697-H |
| MERIT TEXAS PROPERTIES, L.L.C., | * |
| Defendant. | * |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand, filed April 27, 2005; Plaintiff's Motion for Leave to File First Amended Complaint,[1] filed April 27, 2005; and Defendant's Responses, filed May 16, 2005. For the following reasons, Plaintiff's Motion to Remand is GRANTED and Plaintiff's Motion for Leave to Amend is DENIED as MOOT.

In the instant case, Plaintiff asserts that Defendant discriminated against him based upon his age and disability. (Pl.'s Orig. Pet. at 3.) Plaintiff brings these claims pursuant to Texas law. (*Id*.) Defendant removed this action because Plaintiff attached his Equal Employment Opportunity Commission ("EEOC") complaint to his original petition filed in state court and by reference to the EEOC complaint incorporated it "for all purposes." (Def.'s Notice of Removal at 1-2.) Defendant asserts that because Plaintiff EEOC complaint indicates Plaintiff's belief that he was discriminated against in violation of federal law, that Plaintiff has asserted federal causes of action for purposes of determining whether removal was proper. To this end, Defendant cites a number of cases, all of

---

[1] Plaintiff seeks to amend to clarify that Plaintiff asserts no federal claim.

1

which are inapposite to the instant case.[2]

It is well settled in this circuit that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921-22 (5th Cir. 1997); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Removal jurisdiction must be strictly construed because it implicates important federalism concerns. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court. *Cavallini v. State Farm Mut. Auto.*

---

[2] Defendant cites *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980), *Houser v. Rice*, 151 F.R.D. 291, 293-94 (W.D. La. 1993), *Torres v. Abbott Labs.*, No. 97-C-5425, 1997 WL 665870, at *2 (N.D. Ill. Oct. 20, 1997) (Conlon, J.), and *Johnson v. Foulds, Inc.*, No. 95-C-5062, 1996 WL 388412, at *4 (N.D. Ill. July 9, 1996) (Plunkett, J.). These cases, however, are easily distinguished in that they relate to motions to dismiss a plaintiff's complaint for failure to state a cause of action; the standard for ruling upon a motion to dismiss differs greatly from the standard for ruling upon a motion to remand. In ruling upon a motion to dismiss, exhibits attached to the pleadings are properly considered part of the pleading for purposes of determining whether a plaintiff has *properly pled* a federal cause of action. *See* FED. R. CIV. P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Torres*, *supra*, and *Johnson*, *supra*. The Court is unaware of any reliance upon the rule in a motion to remand context, especially where a plaintiff does not intend to raise a federal claim. Indeed, in such a situation, the issue is not whether the pleadings are deficient, but rather, whether plaintiff has necessarily stated a federal cause of action. Given the law governing remands in the Fifth Circuit, the Court cannot say with certainty that the incorporation of an exhibit which contains an oblique reference to a federal law violation into Plaintiff's Complaint establishes a federal claim when Plaintiff states that he did not wish to plead a federal claim. At most, such an exhibit creates doubt, which must be resolved in favor of the non-removing party.

Defendant also cites *Oquendo v. Dorado Beach Hotel Corp.*, 382 F. Supp. 516 (D.P.R. 1974). *Oquendo* does not apply because the District of Puerto Rico limited its holding to cases "where federal jurisdiction hinges on the parties or one of them having a particular status," noting that in such a situation, "the Court may look beyond the complaint to ascertain that status." *Id*. at 518 (internal quotation omitted). The status of the parties' status is not in dispute in the instant case. Accordingly, *Oquendo* is inapposite.

2

*Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Plaintiff is master of his complaint. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Although Plaintiff is master of his complaint, he may not, by mistake, artful pleading, or artifice plead what must be raised as a federal claim as a state law claim to avoid federal jurisdiction. *Id.*; *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) (construing the artful pleading doctrine); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76 (1998). This artful pleading doctrine is a narrow exception to the general rule that Plaintiff is master of his own complaint and is limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Where no preemption exists, and a plaintiff may assert both a federal and a state law claim arising out of the same events, the artful pleading doctrine does not apply, and Plaintiff's choice of law controls. *See Addison v. Grillot Land & Marine, L.L.C., et al.*, No. Civ.A. 02-01251, 2002 WL 1298761, at *2 n.3 (E.D. La. June 10, 2002) (Engelhardt, J.).

As in *Avitts*, Plaintiff disclaims any federal claims and asserts no cause of action arising under federal law. A mere reference to Title VII violations in Plaintiff's EEOC charge, which Plaintiff attached to his Original Petition will not establish federal question jurisdiction for purposes of a motion to remand where Plaintiff has chosen not to plead them and affirmatively indicates his intention to plead only state law claims. *See Avitts*, 53 F.3d at 693. *See also Manzella v. United Parcel Service, Inc.*, No. Civ.A. 02-1800, 2002 WL 31040170, at *3 (E.D. La. Sept. 10, 2002) (Wilkinson, J.) (citing cases); *Lyles v. Citicorp Credit Svcs., Ltd.*, No. Civ.A. 3:97-CV-0599-G, 1997 WL 810027, at *2 (N.D. Tex. Dec. 30, 1997) (Fish, J.); *Ginsberg v. Paramount Comms. Corp.*, 52

F.3d 333 (9th Cir. 1995) (Table); *Elliot v. LTD Direct Marketing, Inc.*, 1 F. Supp. 2d 1031, 1033 (D. Ariz. 1997) ("Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action.").

The Court will not force Plaintiff to proceed with a federal claim that he has not asserted or had no intention of asserting when the artful pleading doctrine does not apply. Accordingly, Plaintiff's Motion to Remand is **GRANTED**.[3] Because Plaintiff's Motion to Remand is GRANTED, Plaintiff's Motion for Leave to Amend is **DENIED** as **MOOT**.

The case is hereby REMANDED to the 68th Judicial District Court of Dallas County, Texas, for lack of jurisdiction.

SO ORDERED.

DATED: May 24, 2005

_____
**BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**

---

[3] In disclaiming his federal claims, Plaintiff has precluded himself from raising those claims in a separate action. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 315-16 (5th Cir. 2004). Should Plaintiff amend his action to include a federal cause of action, Defendant may seek removal of the case at that time.